IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH JACKSON, Jr., )<br>)<br>Defendant. ) | Case No. 10-30037 |

OPINION

RICHARD MILLS, United States District Judge:

Kenneth Jackson, Jr. moves for a reduced sentence under Section 404(b) of the First Step Act.

## I.   BACKGROUND

In May 2010, an Indictment was filed charging Defendant Kenneth Jackson, Jr. with two counts of distribution of an unspecified amount of crack cocaine. On December 13, 2010, the Defendant entered a guilty plea to both counts.

In July 2010, under 21 U.S.C. § 851, the Government announced its intent to seek an enhanced sentence due to the Defendant's previous drug convictions. At the time of sentencing, therefore, the Defendant faced a statutory maximum term of 30 years' imprisonment under 21 U.S.C. § 841(b)(1)(C).

The Defendant qualified as a career offender under the Sentencing Guidelines. Because of the 30-year statutory maximum, the Defendant's base offense level was determined to be 34. After a downward adjustment for acceptance of responsibility, the Defendant's total offense level was 31. The Defendant's criminal history category was VI.

Based on a total offense level of 31 and a criminal history category of VI, the Defendant's guideline range was 188 to 235 months' imprisonment. Under 21 U.S.C. § 841(b)(1)(C), the Defendant was also subject to a statutory minimum term of 6 years' supervised release.

On July 11, 2011, the Court sentenced the Defendant to a term of 192 months' imprisonment on Counts 1 and 2 to be served concurrently, followed by the 6-year term of supervised release.

## II. DISCUSSION

The Defendant is eligible for a reduced sentence under section 404 of the First Step Act. The Seventh Circuit recently determined that a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is a covered offense under the First Step Act. *See United States v. Hogsett*, ___ F.3d ___, 2020 WL 7134464, at *3 (7th Cir. Dec. 7, 2020) ("[T[he Fair Sentencing Act modified the statutory penalties for § 841(b)(1)(C), so all convictions under that subsection—regardless of whether they are subject to a different penalty range—are "'covered offenses.'").

The sentence imposed on Count 1 was for a "covered offense" because the Defendant committed the offense before August 3, 2010, and the statutory penalty for possession of crack cocaine with the intent to distribute under § 841(b)(1)(C) was modified by section 2 of the Fair Sentencing Act. Therefore, the Court has the authority to impose a reduced sentence as if section 2 of the Fair Sentencing Act was in effect at the time the offense was committed.

Because section 2(a) of the Fair Sentencing Act modified the statutory penalties that apply to all offenses under § 841 involving crack cocaine, including those subject to § 841(b)(1)(C), anyone with a prior crack conviction under § 841 may be considered for a reduced sentence under the First Step Act.

The Defendant claims that the Court should reduce his sentence to 168 months. He notes that the offense involved less than one gram of crack cocaine. If he had not been sentenced as a career offender and instead were sentenced under the drug quantity guideline in 2010, the Defendant would have had a base offense level of 12 which would have become 10 after accounting for acceptance of responsibility. Even with a criminal history category of VI, the Defendant would have faced a guideline range of 24 to 30 months in prison.

The Defendant states that the drug quantity guideline would be even lower today. He was responsible for .4 grams of crack cocaine and 5.6 grams of powder

cocaine, yielding a converted drug weight of 2.54 kilograms. This would yield a base offense level of 10 under the drug quantity guideline. After accounting for acceptance of responsibility, the Defendant's total offense level would be 8. Based on a criminal history category of VI, he would face a guideline range sentence of 18 to 24 months under the drug quantity guideline today. The Defendant states the fact that he is serving a sentence of 192 months underscores the particularly harsh use of the career offender guideline in this case.

The Defendant is not asking the Court to resentence him or find that he is not a career offender. Rather, he asks the Court to consider this major disparity between his actual offense and the career offender guideline now that a reduction is authorized under the First Step Act after *Hogsett*.

The Defendant notes he has spent over 10 years in prison for an offense that involves less than a gram of crack cocaine. He states that the requested sentence of 168 months, or 14 years, is more than sufficient to provide adequate deterrence, protect the public from the Defendant and to reflect the seriousness of a § 841(b)(1)(C) offense in addition to accounting for his lengthy criminal history. Those factors should be balanced against the seriousness of his offense which involved less than a gram of crack cocaine and did not involve firearms. For those reasons, the Defendant asks the Court to reduce his sentence to 168 months under the First Step Act.

The Government claims that, when the factors under 18 U.S.C. § 3553(a) are considered, the Defendant's motion should be denied. The Government notes that Defendant's criminal history dates back to age 13 and includes convictions for deceptive practices, theft, mob action, retail theft, unlawful possession of a controlled substance, theft, aggravated battery of a peace officer, resisting a peace officer, transport/carry alcoholic liquor/driver, obstructing a peace officer, resisting/obstructing a peace officer, multiple convictions for driving on a suspended license, unlawful delivery of a controlled substance, disorderly conduct, fleeing/attempt to elude police, resisting a peace officer, escape, unlawful delivery of controlled substance, multiple criminal trespass to state property, obstructing a peace officer, criminal damage to property, resisting a peace officer, theft, resisting a peace officer, battery, possession with the intent to deliver a controlled substance and a number of traffic offenses.

The Defendant also has one disciplinary infraction while serving his federal sentence. One year ago, on December 26, 2019, he was cited for assaulting without serious injury.

It was in November 2008 that Defendant was charged in state court with possession with intent to deliver a controlled substance. On July 21, 2009, the Defendant pled guilty and was sentenced to 18 years in the custody of the Illinois Department of Corrections. The offense conduct in this federal case occurred on

5

June 4, 2008 and May 15, 2009. Accordingly, the Defendant's state offense occurred between the dates the Defendant committed Count 1 and Count 2 in this case. The Parties agreed that the sentence in this case would run concurrently with his state term. Accordingly, at sentencing on July 11, 2011, the Court ordered the 192-month term to be served concurrently with the remainder of the Defendant's then-undischarged state term of imprisonment.

The Court is unable to conclude that a sentence reduction is appropriate in this case. In 2011, the Court had discretion to impose a sentence below the applicable guideline range but determined that a sentence near the low end of the guidelines was appropriate. The Court recognized then, as it does now, that the Defendant's classification as a career offender drastically increased his guideline range. Like the Champaign County Circuit Court which imposed a sentence of 18 years in the Illinois Department of Corrections, this Court determined that a lengthy sentence was appropriate. The factors that the Court considered at sentencing—particularly affording adequate deterrence, protecting the public from further crimes, the desire to avoid unwarranted sentence disparities and the history and characteristics of the Defendant—weigh against even a modest sentence reduction.

Upon reviewing the entire record, particularly the applicable sentencing factors and the Defendant's criminal history, the Court concludes that a sentence reduction under the First Step Act is not warranted.

<u>Ergo</u>, the Motion of Defendant Kenneth Jackson, Jr. for a Reduced Sentence under Section 404(b) of the First Step Act [d/e 64] is DENIED.

The Clerk will terminate the Defendant's *pro se* Motion to Reduce under the First Step Act [d/e 61].

ENTER: December 30, 2020

    FOR THE COURT:

/s/    Richard    Mills
Richard Mills
United States District Judge
