IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>   Plaintiff,  )<br>  )<br> v.  )<br>  )<br> KENNETH JACKSON, JR.,  )<br>  )<br>   Defendant.  ) | Case No. 10-30037 |

OPINION

RICHARD MILLS, United States District Judge:

Kenneth Jackson, Jr. moves for compassionate release.

## I.   BACKGROUND

Following a guilty plea to one count each of Distribution of a Mixture or Substance Containing Cocaine and Cocaine Base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Defendant Kenneth Jackson, Jr. was sentenced on July 11, 2011, to serve 192 months' imprisonment, followed by six years of supervised release. Jackson is serving his sentence at FCI Williamsburg in South Carolina and has a projected release date of March 25, 2025.

Jackson is a 53-year old black man who suffers from obesity with a BMI of 37 and pre-diabetes with an elevated A1C of 5.9. Obesity can make individuals more likely to get severely ill from COVID-19. www.cdc.gov/coronavirus/2019-

1

ncov/need-extra-precautions/people-with-medical-conditions.html. While Jackson was approved to obtain a sleep study to determine if he suffers from sleep apnea, the study has not yet been performed in light of COVID restrictions. He has been treated for an enlarged prostate with lower urinary tract symptoms and gastro-esophageal reflux disease without esophagitis. As of June 2020, Jackson appeared well, alert and oriented.

Based on these health conditions which Jackson alleges place him at high risk for contracting and experiencing serious complications, including death from COVID-19, Jackson claims the Court should exercise its discretion in considering his release to an early period of home confinement.

## II. DISCUSSION

Under the First Step Act, signed into law on December 21, 2018, defendants may now file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary" or "compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the

Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The record shows that Jackson has met the statutory exhaustion requirement. Therefore, his motion is properly before the Court.

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended, there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id*. at 1181.

Certainly, the COVID-19 pandemic is in and of itself an extraordinary and unprecedented event in our lifetimes. "The spread of the novel coronavirus, more

specifically COVID-19, has presented extraordinary and unprecedented challenges for the nation and poses a serious issue for prisons." *United States v. Coles*, 2020 WL 1976296, *6 (C.D. Ill. Apr. 24, 2020). BOP reports that 233 inmates and four staff members have died from COVID-19, while 46,483 inmates and 6,250 staff who once tested positive have recovered. www.bop.gov/coronavirus (last visited April 20, 2021). However, "the mere existence of COVID-19 in society and possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). "Perhaps a prisoner could satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020); *see also United States v. Johnson*, 2020 WL 2573239, at *4 (C.D. Ill. May 21, 2020).

Based on his health conditions, particularly obesity, the Court finds that Defendant has made a showing of extraordinary and compelling reasons for the Court to consider his motion.

The Court notes that FCI Williamsburg previously has experienced major outbreaks of positive COVID-19 cases, though the situation now appears to be under

control. There are two inmates and one staff member who are currently positive for COVID-19. [www.bop.gov/cororonavirs](www.bop.gov/cororonavirs) (last visited April 20, 2021). There have been three inmate deaths at FCI Williamsburg. *See id*. Moreover, 194 inmates and 66 staff members have recovered from COVID-19. *See id*.

COVID-19 vaccinations are becoming more widely available at BOP facilities. The BOP website indicates that 143 staff members at Williamsburg FCI and 667 inmates are fully inoculated. *See id*. Accordingly, more than half of the 1,316 inmates at Williamsburg FCI are now vaccinated.

Jackson has a lengthy criminal history dating back to his teenage years. As an adult, his convictions include aggravated battery, aggravated battery of a peace officer, multiple convictions for resisting or obstructing a peace officer, two unlawful delivery of a controlled substance convictions, escape, two criminal trespass to state supported property convictions, criminal damage to property, theft, battery, and possession with intent to deliver a controlled substance. Jackson also has more than a dozen convictions for driving on a suspended license. At sentencing, Jackson was determined to have an extraordinarily-high 52 criminal history points.

Jackson's motion reflects that he has taken advantage of a range of educational and vocational programming while incarcerated and has worked as an orderly within his facility. Moreover, he has completed his GED and the non-residential drug

treatment program.  Jackson has completed a significant portion of his 192-month term.  He contends that a six-month period of home confinement as a condition of supervised release is sufficient under all the circumstances.

Upon considering sentencing factors such as deterrence and protection of the public, the Court is unable to conclude that compassionate release is warranted.  Jackson's lengthy criminal history referenced above suggests that he remains a danger to the community and should not be granted compassionate release.  Jackson also has a relatively recent disciplinary incident with BOP involving assault without serious injury.

Based on those considerations, the Court will deny the motion for compassionate release.

Ergo, the amended motion of Defendant Kenneth Jackson, Jr. for compassionate release [d/e 73] is DENIED.

The Clerk will terminate the Defendant's *pro se* motion for compassionate release [d/e 66] and supplemental motions for compassionate release [d/e 79 & 86].

The Clerk will send a copy of this Opinion to the United States Probation Office.

ENTER: April 22, 2021

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge