IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>KENNETH JACKSON, JR.,  )<br>  )<br>   Defendant.  ) | Case No. 10-30037 |

OPINION

RICHARD MILLS, United States District Judge:

In an Opinion and Order entered on December 30, 2020, the Court denied Defendant Kenneth Jackson, Jr.'s motion to reduce sentence under Section 404(b) of the First Step Act.

Jackson now moves to reconsider that Order.

I.

Following a guilty plea to one count each of Distribution of a Mixture or Substance Containing Cocaine and Cocaine Base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Defendant Kenneth Jackson, Jr. was sentenced on July 11, 2011, to serve 192 months' imprisonment, followed by six years of supervised release.

At sentencing in 2011, Jackson was determined to qualify as a career offender and, because he had prior qualifying federal convictions, he faced a statutory maximum of 30 years imprisonment under 21 U.S.C. § 841(b)(1)(C). Jackson's base offense level was found to be 34. After receiving credit for acceptance of responsibility, his total offense was 31. This resulted in a guideline range of 188 to 235 months imprisonment under the career offender guideline. Jackson's sentence of 192 months was just above the low end of the applicable guideline range at the time of sentencing. He asked for a reduction to 168 months imprisonment pursuant to Section 404(b) of the First Step Act.

## II.

In its previous Order, the Court noted that a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is a covered offense under the First Step Act. *See United States v. Hogsett*, 982 F.3d 463, 468 (7th Cir. 2020). Jackson is eligible for a reduced sentence under section 404 of the First Step Act.

In July 2020, the United States Court of Appeals for the Seventh Circuit held that the Illinois cocaine statute is categorically overbroad and cannot be used as a "felony drug offense" to enhance a federal sentence under 21 U.S.C. § 851. *See United States v. Ruth*, 966 F.3d 642, 649-50 (7th Cir. 2020). Thus, Illinois cocaine convictions are not predicate "felony drug offense(s)" that trigger 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement. *See id*. at 650. The court further

determined that using an Illinois cocaine conviction to enhance the penalties under § 841(b) constituted plain error.  *See id.* at 650-51.

After the Seventh Circuit's decision in *Ruth*, Jackson was granted leave and did file a reply brief wherein he alleged his prior convictions for Illinois cocaine offenses were erroneously used to enhance his statutory maximum sentence from 20 to 30 years and, as a result, enhance his career offender base offense level to 34 and his guideline range to 188 to 235 months.

In denying Jackson's previous motion to reduce sentence, the Court did not adequately consider the arguments made in his reply brief.

Without the prior qualifying convictions, Jackson's statutory maximum term of imprisonment is 20 years, his total offense level is 29 and his career offender guideline range is 151 to 188 months' imprisonment.  Jackson's sentence request in his motion to reduce falls in the middle of that range.  If a defendant is eligible for a sentence reduction, "a district court may consider all relevant factors when determining whether an eligible defendant merits relief under the First Step Act." *See United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020).  "These factors include different statutory penalties, current Guidelines, post-sentencing conduct, and other relevant information about a defendant's history and characteristics." *Id.* at 612.

The Court notes that Jackson's motion to reconsider is not a procedurally improper "second" First Step Act motion because the Court did not previously consider the statutory penalties and the new guideline range while also accounting for the resulting changes to the sentencing parameters.

In his motion to reconsider, Jackson notes that both Judges McDade and Mihm have recently granted motions to reconsider First Step Act denials when the initial denial was based on an incorrect determination of the defendant's new statutory penalty after the application of the Fair Sentencing Act. In *United States v. Gibson*, No. 07-40066, R. 365 (C.D. Ill. Sept. 29, 2020), Judge McDade reconsidered a denial of a § 404(b) motion upon recognizing that his previous Order was based on a statutory minimum sentence of life imprisonment that no longer applied.

In a case analogous to this case, Judge Mihm recently reconsidered a denial of a § 404(b) motion when his prior Order relied on a statutory maximum of 30 years under 21 U.S.C. § 841(b)(1)(C) that no longer applied under *Ruth*. *See United States v. Millbrook*, No. 06-40033, R. 181 (C.D. Ill. Dec. 10, 2020). Accordingly, the Court is authorized to consider the merits of Jackson's argument.

Jackson notes his request for a 168-month sentence is based on his new guideline range and is consistent with the Court's previous sentence that was above the bottom end of the guideline range determined at sentencing. The PSR indicates

that two of his previous convictions, Nos. 88-CF-117 and 08-CF-2077, were Illinois convictions for possession of cocaine. An exhibit to Jackson's reply brief shows that his other convictions, Nos. 94-CF-63 and 99-CF-91, were also Illinois convictions involving cocaine.

Because the enhancement for Illinois cocaine convictions as predicate drug offenses under § 841(b)(1)(C) was determined to be plain error, *see Ruth*, 966 F.3d at 650-51, Jackson was never facing a statutory maximum term of 30 years on Count 2. It was always 20 years, which means the guideline range should have been 151 to 188 months imprisonment instead of 188 to 235 months. The sentence sought by Jackson is in the middle of his accurate range. As noted, the previously-imposed sentence was 4 months above the low end of the erroneous career offender range.

This Court previously applied *Ruth* to a First Step Act case in *United States v. Dent*, No. 97-cr-30048, R. 34 (C.D. Ill. Sept. 9, 2020) (Mills, J.), granting the defendant's motion and reducing his term of supervised release to the statutory minimum that applied without the § 851 enhancement.

In *United States v. Harris*, No. 99-cr-30083, R.123 (C.D. Ill. March 11, 2021) (Mills, J.), the Court again applied *Ruth* and granted the defendant's motion to reduce sentence under the First Step Act, noting that without the § 851 enhancement, the defendant would now face a 240-month statutory maximum instead of the 360-month term that defendant received in 2000.

Jackson notes that Judge Shadid applied *Ruth* in *United States v. Newbern*, No. 09-20036, R.38 (C.D. Ill. Nov. 5, 2020). As previously noted, moreover, Judge Mihm has done the same.

The Government opposes any reduction based on Jackson's extensive and violent criminal history and his December 2019 BOP disciplinary infraction for assault without serious injury. In order to "protect the public from further crimes of the defendant," the Government alleges Jackson should not be released any sooner than necessary.

Upon reviewing the record, this Court will again apply *Ruth* to a First Step Act case. This is a serious offense and Jackson has a particularly lengthy criminal history, which is why the Court is denying his motion for compassionate release contemporaneously. Jackson acknowledges his troubling past and states that is why he is requesting a sentence in the middle of the applicable guideline range—not a below guideline sentence or sentence at the bottom of the applicable range. Jackson's request is reasonable when considered along with the now-applicable guideline range. Therefore, the motion to reconsider will be granted.

The Court believes that a sentence within the middle of the guidelines accounts for the seriousness of the offense and "protect[s] the public from further crimes of the defendant." This offense involved .4 grams of crack cocaine and 5.6

grams of powder cocaine.  A sentence of 168 months also reflects Jackson's status as a career offender.

Jackson's request is also consistent with the sentencing factor that courts should avoid unwarranted sentence disparities among similarly situated defendants.  This includes defendants noted above who have benefitted from the Seventh Circuit's decision in *Ruth* and individuals with similar histories who commit the same offense in the future.  The Court did not intend to impose a sentence above the guideline range.  However, that is what Jackson currently is serving based on what is now the guideline range.  The Court will grant the motion to reduce to account for the applicable sentencing factors and to ensure there is not a disparity that would result if Jackson were serving an unintended above-guideline sentence.

The Court preciously sentenced Jackson to a mandatory minimum supervised release term of 6 years.  Without the § 851 enhancement, Jackson's mandatory minimum supervised release term is 3 years under § 841(b)(1)(C).  In the interest of consistency, the Court will reduce his supervised release term to 3 years.

Ergo, the motion of Defendant Kenneth Jackson, Jr. to reconsider [d/e 83] is GRANTED.

Defendant Kenneth Jackson, Jr.'s imprisonment term is reduced from 192 months to 168 months in the custody of the Bureau of Prisons.

Defendant Jackson's supervised release term is reduced from 6 years to 3 years.

In all other respects, the previously entered Judgment shall remain in effect.

The Clerk will send a copy of this Opinion to the United States Probation Office.

ENTER: April 22, 2021

FOR THE COURT:

                                        /s/ *Richard Mills*
                                        Richard Mills
                                        United States District Judge