IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>KENNETH JACKSON, JR.,   )<br>   )<br>   Defendant.   )  | Case No. 10-cr-30037 |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Kenneth Jackson, Jr.'s *pro se* Motion for Early Termination of Supervised Release. (Doc. 93).

### I.     BACKGROUND

On December 13, 2010, Kenneth Jackson, Jr. pled guilty to distribution of a mixture or substance containing cocaine and distribution of a mixture or substance containing a cocaine base. (Doc. 47 at 3). On July 13, 2011, Jackson was sentenced to a term of 192 months' imprisonment and 6 years supervised release. (Doc. 44). On April 23, 2021, Jackson's sentence was reduced to 168 months in prison and 3 years of supervised release. (Doc. 90). His supervised release term is set to end on November 1, 2025.

On July 23, 2024, Defendant Jackson filed a motion for early termination of supervised release. (Doc. 93). On August 27, 2024, the Government filed its response, objecting to the early termination of supervised release. (Doc. 94).

## II. DISCUSSION

Under 18 U.S.C. § 3583(e)(1), a district court may terminate a defendant's supervised release after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," it finds that early termination is "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3553 factors that the court shall consider are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;
3. The need for the sentence imposed to protect the public from further crimes of the defendant;
4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
5. The applicable sentencing range;
6. Any pertinent policy statement;
7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
8. The need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553.

The law permits the Court to grant early termination "after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). The district court possesses wide discretion in making this determination. *See United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

Jackson meets two of the three factors which allow a Court to exercise its discretion to terminate supervised release early, namely: he has served at least one year of supervision, and the government was given notice and an opportunity to be heard. 18 U.S.C. § 3583(e)(1); Fed. R. Crim. Pro. 32.1(c)(2)(c).

The Court has considered the pertinent § 3553(a) factors and conduct of the Defendant. 18 U.S.C. § 3583(e)(1). Jackson was held accountable for .4 grams of cocaine base and 5.6 grams of powder cocaine. (Doc. 47 at 9). He was classified as a career offender based on his criminal history. His conduct resulted in a guideline sentencing range 188 to 235 months' imprisonment. The court found that a guideline sentence was appropriate. When ruling on his Motion to Reconsider, the court noted that his guideline range should have been 151 to 188 months' imprisonment instead. (Doc. 90 at 5). The court reduced his sentence to 168 months in prison to reflect the new guideline range. (*Id.* at 7-8).

Jackson's personal history and characteristics supports a termination of his supervised release. Jackson is now 57 years old. While incarcerated for the instant offense, Jackson has completed his GED, the non-residential drug treatment program, and other educational programming. (Doc. 57 at 5-6). Jackson has been in compliance with all terms of his supervised release and is gainfully employed. He has also obtained his CDL and hopes to become an over-the-road driver. He has received numerous job offers for such a position, but has not been able to accept any of those offers due to the terms of his supervised release.

In terms of the applicable sentencing factors, the Court notes that Jackson does have a prior criminal history, which is why he was sentenced as a career offender. As to deterrence, the offense involved a relatively minimal amount of drugs. If Jackson had not been sentenced as a career offender, his guideline range would have been 18 to 24 months' imprisonment. (*See* Doc. 89 at 4). He served a majority of his original sentence before it was reduced. He has also served most of his three-year supervised release term. Given these factors, early termination at this point would not undermine the goals of protecting the public, detering future law violations, or providing for Jackson's rehabilitative needs.

As such, the early termination of Jackson's supervised release is in the interest of justice, in accordance with the requirements of 18 U.S.C. § 3583(e)(1). Accordingly, the Court GRANTS Jackson's *pro se* Motion for Early Termination of Supervised Release. (Doc. 93). The remaining term of Jackson's supervised release is terminated.

ENTER: October 17, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE